**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLENSON HACKSHAW,**

    **Plaintiff,**

v.                                       Case No. 8:08-cv-2185-T-30TGW

**STANDARD CONCRETE PRODUCTS,**
**INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Shawn Regan, Armando Alvarado, Juan Hernandez, and Eduardo Moyano's[1] Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 50) and Plaintiff Glenson Hackshaw's Response to the motion (Dkt. 53). The Court, having considered the motion and response, and being otherwise advised on the premises, finds that the motion should be denied.

Plaintiff filed the original complaint on October 1, 2008, in Florida state court. On October 6, 2008, Plaintiff attempted to serve Defendant Regan at his place of employment, Standard Concrete Products, Inc.'s Tampa location. The complaint and summons were left with the office manager.

---

[1] Defendants Armando Alvarado, Juan Hernandez, and Eduardo Moyano were not named in the Third Amended Complaint. In his response to the Motion to Dismiss, Plaintiff acknowledges that these three defendants were intentionally removed from the new complaint. They are no longer parties in this action. Therefore, this order only deals with motion as it pertains to Defendant Regan.

Defendant Regan moves to dismiss for lack of jurisdiction arguing that Plaintiff never perfected service on him. Under Federal Rule of Civil Procedure 4(e), a plaintiff is required to serve an individual defendant either personally or by leaving copies of the complaint and summons at the defendant's "dwelling house or usual place of abode with some person of suitable age and discretion." A plaintiff must serve the defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m).

Plaintiff does not claim that the original service was proper[2]. Rather, Plaintiff argues that Regan waived any potential objections by actively participating in litigation for over a year and by failing to mention the allegedly defective service during the case management conference held on December 8, 2009. The Court agrees that Regan waived any potential objections to personal jurisdiction.

Regan raised this issue as an affirmative defense in his Answer to Plaintiff's original Complaint (Dkt. 6) and again in his Answer to the Second Amended Complaint (Dkt. 16). "These responsive pleadings, however, do not preserve the defense in perpetuity." Burton v. Northern Dutchess Hosp., 106 F.R.D. 477, 481 (S.D. NY 1985). Regan was still required to bring a motion before this Court in a timely manner. For over a year, Regan has fully participated in the litigation including actively participating in discovery without bringing this motion. And, the failure to raise the objections to service at the case management conference serves as a waiver of the defense.

---

[2] On September 19, 2009, Regan was personally served with the Third Amended Complaint and summons.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Shawn Regan's Motion to Dismiss (Dkt. 50) is **DENIED**.

2. Defendant is directed to file an answer to the Third Amended Complaint within twenty days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 6, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-2185.mtd 50.frm